# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2016

_____

BY Development, Inc.,     *
            *
   Plaintiff - Appellant,  *
            *  Appeal from the United States
  v.          *  District Court for the District
            *  of South Dakota.
United Fire and Casualty Co.,  *
            *  [UNPUBLISHED]
   Defendant - Appellee.  *

_____

Submitted: November 17, 2006
Filed:  December 4, 2006

_____

Before LOKEN, Chief Judge, MELLOY, Circuit Judge, and SCHILTZ, District
   Judge.[1]

_____

PER CURIAM.

   BY Development, Inc., owns and operates a casino and hotel in Deadwood, South Dakota.  In 2002 a wildfire, the "Grizzly Gulch" fire, came dangerously close to the town of Deadwood, and South Dakota's governor ordered evacuation of the town.  Approximately fifty-five hours later, the governor lifted the evacuation order and access to the town via major roadways was once again possible.

_____

   [1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, sitting by designation.

BY Development then submitted a claim to its insurer, United Fire & Casualty, Co., alleging substantial business losses caused by the action of the civil authority that prohibited access to BY Development's insured premises. United Fire denied coverage, relying on a provision in the insurance contract that stated coverage for such losses *begins* after an action of civil authority prohibits access to the insured premises for a continuous period of seventy-two hours.

BY Development next instituted the present declaratory judgment action arguing that the seventy-two-hour waiting or clearance period was, in fact and in effect, a "time deductible." BY Development further argued that, because the insurance policy had a declarations page that contained the phrase "No. Ded." (indicating that the policy had no deductible), the seventy-two-hour waiting or clearance period, if interpreted to be a deductible, did not apply. In the alternative, BY Development argued that there existed an ambiguity on this issue that should be interpreted against the insurer and in favor of providing coverage. Finally, BY Development argued that, although the formal order of closure was not in effect for a full seventy-two hours, other orders kept some roads into Deadwood closed and thereby "prohibited access" for the requisite seventy-two hours.

Applying South Dakota law, the district court[2] rejected these arguments. The district court found that no action of civil authority "prohibited access" beyond the fifty-five-hour duration of the governor's evacuation order. The district court also found the policy language unambiguous and determined that the policy did not provide coverage. The district court stated that, in general, a deductible applies to reduce an insurer's liability where coverage otherwise exists, but the waiting or clearance period under the present contract defined coverage as beginning only after a seventy-two-hour period of prohibited access. Because there was no coverage

---

[2]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

without seventy-two hours of prohibited access, there was no liability to which a deductible could apply. As a result, BY Development's attempt to characterize the seventy-two-hour period as a "time-deductible" failed.

On appeal, BY Development does not renew its argument that an action of a civil authority actually prohibited access for a full seventy-two hours. BY Development does, however, renew its argument regarding the issue of a "time deductible." As to this issue, we agree with the well-reasoned opinion of the district court—the insurance contract was not ambiguous and did not provide coverage because the waiting or clearance period was not in the nature of a deductible.

We affirm the judgment of the district court without further comment. See 8th Cir. R. 47B.

_____